**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IVAN DEL TRANSITO MOLINA-MOLINA,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et al,<br>Respondents. | )<br>)<br>)<br>)  Civil No. 26-1394<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM OPINION</u>**

Pending now before the court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed

by Ivan Del Transito Molina-Molina ("Molina-Molin").  Leonard Oddo, et.al. (collectively,

"Respondents") filed a response in opposition (ECF No. 5).  The petition is ripe for decision.

Molina-Molin, a native and citizen of El Salvador, asserts that he is subject to

discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under §

1225(b)(2) and, therefore, that he is entitled to a bond hearing.  Section 1226 applies to aliens

who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303

(2018), while the mandatory detention provision of § 1225 governs detention of "applicants for

admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL

2976572, at *2 (D.N.J. Oct. 22, 2025). The Court of Appeals for the Third Circuit has not

addressed this issue.  The court joins the other judges of this district court in holding that §

1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly

situated to Petitioner, who are not seeking admission at a port of entry but rather are already

present in the country. The court is aware of the contrary decisions reached by the United States

Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir.

2026), and the Eighth Circuit in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258 (8th Cir. March 25, 2026).  Petitioner's detention is governed by § 1226(a) and the court concludes that he has a statutory right to an individualized bond hearing.

To the extent that Petitioner seeks an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the court concludes that they will not be awarded. Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). Respondents argued that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States. The court concludes that Respondents' interpretation of § 1225(a), while incorrect, is substantially justified. The court is mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under § 1225(a), and that the two United States Courts of Appeals to have considered this issue ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for years. *See Buenrostro-Mendez; Avila*. The court concludes that Petitioner is not entitled to attorneys' fees under the EAJA.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1) will be GRANTED IN PART and DENIED IN PART. It will be GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral

immigration judge pursuant to 8 U.S.C. § 1226.  Within seven (7) days thereafter, the parties shall provide notice to the court of the outcome of the bond hearing.  The petition will be DENIED to the extent it requests any additional relief.

An appropriate Order will be entered.

Dated:  July 28, 2026                    BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge